**No. 40897.**—Protests 609366–G, etc., of Mogi Momonoi & Co., Inc. (New York)

Opinion by DALLINGER, J. It was stipulated that certain items consists of koros, incense burners, photo frames, and bookends chiefly used on the table or in the household for utilitarian purposes. The claim at 40 percent ad valorem under paragraph 339 was therefore sustained. Koros (incense burners) and lamp-stands, plated with silver, were held dutiable at 50 percent under paragraph 339. *Woolworth* v. *United States* (T. D. 47857), *United States* v. *Friedlaender* (21 C. C. P. A. 103, T. D. 46445), and *Dow* v. *United States* (id. 282, T. D. 46816) cited.

**No. 40898.**—Protests 502110–G, etc., of Ovington Bros. Co. et al. (New York).

Opinion by DALLINGER, J. Trays, boxes, candelabra, vase, coupes, candle-sticks, pen stands, bookends, lamps, magazine racks, inkstands, blotters, paper weights, letter racks, letter openers, and calendars stipulated to be chiefly used in the household for utilitarian purposes were held dutiable at 40 percent under paragraph 339 as claimed. *United States* v. *Friedlaender* (21 C. C. P. A. 103, T. D. 46445), *Dow* v. *United States* (id. 282, T. D. 46816), and Abstract 37730 cited.

BEFORE THE THIRD DIVISION, MARCH 22, 1939

**No. 40899.**—Protests 818945–G, etc., of Dorsay Importing Co., Inc. (New York).

Opinion by EVANS, J. In accordance with stipulation of counsel and on the authority of Abstract 32355 the mandarin oranges in question were held dutiable at 1 cent per pound under paragraph 743 as claimed.

**No. 40900.**—Protests 718880–G, etc., of J. K. Laudenslager (Philadelphia).

Opinion by EVANS, J. In accordance with stipulation of counsel and on the authority of Abstracts 37263 and 37783 the laurel leaves and savory leaves in question were held entitled to free entry under paragraph 1722 as claimed.

**No. 40901.**—Protests 837272–G, etc., of Baimberg Bros., Inc., et al. (New York).

Opinion by EVANS, J. In accordance with stipulation of counsel it was held that the currency of the invoices and entries should be converted at the rates proclaimed for the Mexican dollar for the quarters involved, as provided in section 522, Tariff Act of 1930. *Bracher* v. *United States* (T. D. 47935) cited.

**No. 40902.**—Petition 5662–R of Guy T. Gibson, Inc. (New York).

Opinion by EVANS, J. It appeared that a controversy arose as to whether a 12-percent luxury tax on the perfumery was a dutiable item. From the record it was found that there was no intention to defraud the Government or to deceive its officials. The petition was therefore granted.